IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP 2 3 2016

MATTHEW J. DYKMAN
CLERK

INTERFRESH, INC., a California

Corporation,

    Plaintiff,

v.                                                                  No. 1:13-cv-01169-MCA-SGY

JOSEPH V. KEMETZ, an individual;

SUSAN KEMETZ, an individual; and

JAY L. SIMON, an individual,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**This matter** is before the Court upon Interfresh's *Response to Order to Show Cause* filed June 6, 2016. [Doc. 21] The Court has considered the parties' submissions and the relevant law, and is otherwise fully informed. For the following reasons, the Court construes Interfresh, Inc.'s (Interfresh's) request for an order of dismissal as a notice of voluntary dismissal as of right under Rule 41(a)(1)(A)(i) and, therefore, dismisses Interfresh's *Complaint* without prejudice.

I.  **Background**

Interfresh's *Complaint* alleges the following facts. [Doc. 1] Interfresh is a California company engaged in buying and selling wholesale quantities of perishable agricultural commodities in interstate commerce. [Doc. 1, ¶ 7] Duke City Produce, Inc. ("Duke City") was a commission merchant, dealer, or broker subject to the Perishable Agricultural Commodities Act (PACA), and held valid PACA license number 20080729 issued by the United States Department of Agriculture. [Doc. 1, ¶ 8] 7 U.S.C. §§ 499a – 499t (2012). Joseph Kemetz[1] was an officer, director, shareholder or employee of Duke City and was listed as a principal on Duke City's PACA license. [Doc. 1, ¶¶ 19, 20] The relevant portions of PACA were intended to "reduce the burden on commerce in perishable agricultural commodities" by traditional financing arrangements by replacing them with a "PACA trust." 7 U.S.C. § 499(e)(c)(1). Under PACA, the goods and their derivatives and proceeds from their sale are to be held in trust for the seller until the seller is paid. 7 U.S.C. § 499(e)(c)(2).

In December, 2013, Interfresh filed a *Complaint* alleging that Mr. Kemetz had breached his fiduciary duty "to ensure that Duke City maintain enough PACA Trust Assets to pay all PACA trust beneficiaries as those amounts became due." [Doc. 1, ¶ 23] Interfresh sought "judgment in its favor and against [Mr. Kemetz] . . . in the amount of $317,260.00, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Interfresh receives from the PACA Trust Assets." [Doc.

---

[1] Defendant Jay Simon was voluntarily dismissed by Interfresh in February, 2014. [Doc. 10] Defendant Susan Kemetz was voluntarily dismissed by Interfresh in June, 2016. [Doc. 22]

2

1, ¶ 27] The amount sought is roughly the amount of the invoices Interfresh sent to Duke City for sales of produce. [Doc. 1, ¶ 10]

In February, 2014, the clerk entered a default against Mr. Kemetz for failure to respond to the *Complaint*. [Doc. 11] Interfresh then filed a *Motion for Default Judgment*. [Doc. 15] Mr. Kemetz filed a notice of bankruptcy, and the proceedings in this Court were stayed pending resolution of the bankruptcy. [Doc. 19]

Interfresh filed an adversary proceeding against Mr. Kemetz and Susan Kemetz in Bankruptcy Court. [*Interfresh, Inc. v. Kemetz, et al.*, No. 14-01136-t; *see* Doc. 21-1] Interfresh argued that its claims against the Kemetzes were nondischargeable in bankruptcy. [Case 14-01136-t, Doc. 1] Similar to the *Complaint* in this Court, the adversary proceeding complaint alleged that "[Mr. and Mrs. Kemetz] breached their respective fiduciary duties to direct Duke City to: a) preserve and maintain sufficient PACA trust assets; and, b) pay Interfresh for the produce sold to Duke City." [Case 14-01136-t, Doc. 1, ¶ 29] Mrs. Kemetz was later voluntarily dismissed from the adversary proceeding by Interfresh. [Doc. 21, pg. 1]

Eventually, Interfresh and Mr. Kemetz entered into a stipulated judgment stating that Interfresh "ha[d] a valid trust claim under [PACA] in the total amount of $497,355.21 against [Mr.] Kemetz and that this claim is a nondischargeable debt." [Doc. 21-1] The Bankruptcy Court entered a final judgment reflecting this stipulation on February 19, 2015. *Interfresh, Inc. v. Kemetz, et al.*, No. 14-01136-t (Bankr. D.N.M. Feb. 19, 2015). [Doc. 21-2] The bankruptcy was terminated in April, 2015. [Doc. 20]

Since nothing had happened in this Court since August, 2014, this Court issued an *Order to Show Cause* why the matter should not be dismissed for failure to prosecute. [Doc. 20, 5/24/16] In its *Response*, Interfresh requests that this Court "dismiss its claim against . . . [Mr.] Kemetz without prejudice or enter a judgment in accordance with the Bankruptcy Court's Final Judgment." [Doc. 21, pg. 4]

II.   **Analysis**

Rule 41(a)(1)(A)(i) provides that "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Here, Mr. Kemetz has not filed an answer, nor has he filed a motion for summary judgment. In fact, other than filing a notice of bankruptcy, the Kemetzes have not responded in any way to Interfresh's *Complaint*. [Doc. 19] Hence, although Interfresh does not cite to any portion of Rule 41 in its *Response to Order to Show Cause*, [Doc. 21] the Court nevertheless construes Interfresh's request as a notice to voluntarily dismiss its claims as a matter of right under Rule 41(a)(1)(A)(i). *See Ptasynski v. Kinder Morgan G.P., Inc.*, 220 F. App'x 876, 878 (10th Cir. 2007) (unpublished) (construing a notice of dismissal as falling under what is now Rule 41(a)(1)(A)(i) where the defendant had not filed an answer or motion for summary judgment); *Boeke v. HSBC Mortgage Corp. USA*, No. 10-CV-03002-CMA-CBS, 2010 WL 6860043, at *3 (D. Colo. July 7, 2010) (unpublished) (construing a motion for dismissal filed before the defendant answered as a voluntary dismissal under Rule 41(a)); *Martinez v. Cockrell*, No. 3:01-CV-2445-G, 2003 WL 102454, at *1 (N.D.

4

Tex. Jan. 6, 2003) (unpublished) (same). Consequently, Interfresh's *Complaint* shall be dismissed without prejudice. *See* Fed. R. Civ. P. 41(a)(1)(B) (stating that a dismissal under Rule 41(a)(1)(A) is without prejudice).

### III. Conclusion

For the reasons stated herein, Interfresh's *Complaint* [Doc. 1] is **DISMISSED** without prejudice.

SO ORDERED this 23rd day of September, 2016.

_____
M. CHRISTINA ARMIJO
UNITED STATES DISTRICT JUDGE